# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF MICHIGAN
# SOUTHERN DIVISION

| | | |
|---|---|---|
| THE HUNTINGTON NATIONAL BANK, a National Banking Association, | ) ) ) | Case No. 2:19-cv-10890 |
| Plaintiff, | ) ) ) | Honorable Stephen J. Murphy |
| v | ) ) | |
| SAKTHI AUTOMOTIVE GROUP USA, INC., a Michigan corporation, SAKTHI AMERICA CORPORATION, a Michigan corporation, and SAKTHI REAL ESTATE HOLDINGS, INC., a Michigan corporation, | ) ) ) ) ) ) ) ) | |
| Defendants. | | |

_____

## ANSWER TO COMPLAINT

Now comes Defendants by and through their attorneys Williams, Williams, Rattner & Plunkett, P.C. and for its answer to Complaint filed by Plaintiff does state as follows:

### PARTIES, JURISDICTION AND VENUE

1. Admits

2. Admits.

3. Admits.

4. Admits.

5. Admits.

6. Admits.

## BACKGROUND REGARDING THE LOAN

7. Admits.

8. Admits.

9. Neither admits nor denies the allegations contained in paragraph 9 as the document speaks for itself.

10. Denied for the reason that Defendants are without sufficient information to determine whether or not the Michigan Department of State properly received and filed the UCC's referred to in paragraph 10.

11. Neither admits nor denies as it calls for a legal conclusion by Defendants and Defendants leave Plaintiff strictly to its proofs.

12. Defendants admit that it executed a mortgage dated June 13, 2016 which is shown on Exhibit D on Plaintiff's Complaint. As to the balance of the allegation contained in paragraph 12, Defendants leave Plaintiff strictly to its proofs.

13. Defendants admit that a mortgage was executed having a dated date of June 13, 2016 covering certain real property in Wayne County, Michigan. The same mortgage was recorded June 24, 2016 and is shown as Exhibit E to Plaintiff's

1280364

Complaint.  As to the balance of the allegations contained within in paragraph 13, Defendants leave Plaintiff strictly to its proofs.

14.     Defendants neither admit or deny the allegations contained in paragraph 14 as Defendants are without sufficient information upon which to form a reasonable belief.

## DEFAULT UNDER THE LOAN DOCUMENTS

15.     Denied for the reason as same are untrue as to whether nor not a default exists.  As to the Notice of Default, Defendants admit receiving said notice.  As to the balance of the allegation in paragraph 15 relative to the Wayne County case being filed, Defendants deny that said case constitutes a breach of the Credit Agreement.

16.     Denied for the reason the same is untrue.  More specifically, (a) Defendants do not have a cash shortfall due to operating losses which are a result of production inefficiencies and expedited freight costs exceeding $9,000,000.  In fact, Plaintiff has in excess of $2,000,000 cash in the bank and have positive cash results and receivables for the last several months; (b) denied as the same is untrue as Defendants' cash balance is more than sufficient to cover payroll; (c) Defendants aver this is not a default as being near one's maximum is not a default under a loan document; (d) denied for the reasons same is untrue.  Further answering, an insurance claim has been made as well as a report to the FBI.  The

3

1280364

insurance claim may cover the entire loss or at least $1,000,000 of the loss depending on the results of the FBI investigation; (e) denied for the reason that same is untrue; (f) denied for the reason that same is untrue; (g) denied for the reason that same is untrue.  Further answering, GM's production has never been interrupted by Defendants.

17. Neither admit or deny as Defendants are without sufficient information to know the exact amount owed to Plaintiff.

18. Denied for the reason same is untrue and because it requires a legal conclusion on the part of Defendants.  Further answering, each and every loan payment required by the loan documents has been paid and is current.

## OTHER SECURED LIENS

19. Defendants admit the existence of the Intercreditor Agreement however, the document speaks for itself as to the effectiveness of the grant of any lien and Defendants leave Plaintiff strictly to its proofs.

20. Defendants neither admit nor deny the allegation contained in paragraph 20 as it requires a legal conclusion on the part of the Defendants and Defendant further leaves Plaintiff strictly to its proofs as to whether or not it has a first priority lien.

21. Defendants neither admit nor deny the allegation by Plaintiff in paragraph 21 as the document speaks for itself.  Defendants leave Plaintiff strictly to its proofs as to its rights or remedies under the Loan Documents.

22. No response required as no allegation is made as to Defendants.

23. No response required as no allegation is made as to Defendants.

## COUNT ONE:
## BREACH OF CONTRACT UNDER THE LOAN DOCUMENTS

24. Defendants incorporate and reallege paragraphs 1 through 23.

25. Defendants neither admit nor deny the allegations contained in paragraph 25 and further leave Plaintiff strictly to its proofs as to the validity of the contracts.

26. Denied for the reason that same is untrue.

27. Denied for the reason that same is untrue.

28. Denied for the reason that same is untrue as it applies in the current circumstances.

29. Neither admit nor deny as to the amount owed as Defendants are without sufficient information upon which to form a reasonable belief as to the exact amount owed.

## COUNT TWO:
## APPOINTMENT OF RECEIVER

30. Defendants incorporate and reallege paragraphs 1 through 29.

5

1280364

31.  Denied that the appointment of a receiver is appropriate in this particular circumstance. Further answering, the Credit Agreement speaks for itself and Defendants denies that paragraph 11.5 is applicable as no default exists under the Loan Documents.

32.  Denied for the reason that same is untrue.

33.  Denied for the reason that same is untrue.

34.  Denied for the reason that same is untrue.

35.  Denied for the reason that same is untrue.

36.  Denied for the reason that same is untrue.

37.  Defendants requests that this Honorable Court deny Plaintiff's request for an order appointing a receiver and such other further relief requested by Plaintiff and, instead, grant Defendants a dismissal of Plaintiff's Motion for the Appointment of a Receiver.

WHEREFORE, Defendants respectfully requests that this Honorable Court (a) enter a judgment of no cause of action as to Defendants; (b) deem loans and accounts between Plaintiff and Defendants be returned to the status enjoyed prior to the commencement of this action; (c) deny or enjoin Defendants from dealing with their own collateral; (d) enter an order denying Plaintiff its costs or reasonable attorney fees as the action taken by Plaintiff is both unreasonable and

6

inappropriate; (e) deny the appointment of a receiver; and (f) grant such other relief as this Court deems equitable and just.

WILLIAMS, WILLIAMS, RATTNER & PLUNKETT, P.C.

/s/*Ernest J. Essad, Jr.*
Ernest J. Essad, Jr.  (P32572)
Attorneys for Defendants
380 N. Old Woodward, Suite 300
Birmingham, MI  48009
(248) 642-0333
eje@wwrplaw.com

Dated:  March 27, 2019

## CERTIFICATE OF SERVICE

    I hereby certify that on March 27, 2019, I electronically filed the foregoing with the Court using the Court's electronic filing system which will send notification of such filing to all counsel of record.

/s/ *Connie M. Corbiere*
Connie M. Corbiere
Williams, Williams, Rattner & Plunkett, P.C.
cmc@wwrplaw.com

7

1280364