UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

THE HUNTINGTON NATIONAL BANK,

Plaintiff,

v.

SAKTHI AUTOMOTIVE GROUP USA, INC., et al.,

Defendants.
_____________________________/

Case No. 2:19-cv-10890

HONORABLE STEPHEN J. MURPHY, III

**ORDER DENYING PLAINTIFF'S EMERGENCY MOTION FOR APPOINTMENT OF RECEIVER AND TEMPORARY RESTRAINING ORDER [6]**

On March 27, 2019, Plaintiff Huntington National Bank ("Huntington") filed its complaint and an emergency motion for appointment of receiver and temporary restraining order. ECF 1, 6. Defendants Sakthi Automotive Group, Sakthi America Corporation, and Sakthi Real Estate Holdings, Inc. ("Sakthi Defendants") filed their answer the same day and filed a response in opposition to Huntington's emergency motion on March 28, 2019. ECF 14, 16. Also on March 28, 2019, the Court held a hearing on Huntington's emergency motion. For the reasons below, the Court will deny the motion.

**BACKGROUND**

Huntington is the successor by merger to FirstMerit Bank, N.A. Its two-count complaint alleges: (1) breach of contract of loan documents, and (2) entitlement to

appointment of receiver. ECF 1. Huntington claims that on October 30, 2015, Sakthi Defendants borrowed funds from Huntington through a credit and security agreement and executed a secured revolving note in favor of Huntington. *Id*. at 3. To secure their obligations under the credit agreement, note, and other loan documents, Sakthi Defendants granted Huntington security interests and liens on collateral. Huntington claims that it "holds a properly perfected security interest in substantially all of the personal property interests of the Defendants, except for certain Excluded Collateral." *Id*. at 4. Sakthi Automotive Group and Sakthi America Corp. also granted Huntington mortgages on their real property. *Id*. at 4–5.

Huntington claims that Sakthi Defendants have defaulted under the terms of the credit agreement and other loan documents and that they owe Huntington the aggregate amount of $19,083,295.62. *Id*. at 5–6, 9. Huntington sent Sakthi Defendants a notice of default on March 13, 2019. *Id*. at 5. Huntington relies on the affidavit of its senior vice president, Barry O'Neall to support its contention that Sakthi Defendants are in breach of the parties' loan agreement and that a receiver should be appointed to protect Huntington's interests in the collateral. *See* ECF 6-1. Huntington contends that Sakthi Defendants are without the resources to preserve collateral and that the collateral is in danger of deterioration. ECF 1, PgID 10. Huntington further asserts that Sakthi Defendants consented to the appointment of a receiver based on the following clause in the parties' loan documents:

11.5 **Appointment of Receiver.** Upon the occurrence of an Event of Default and at all times thereafter, the Lender shall be entitled to the immediate appointment of a receiver for all or any part of the Collateral, whether such receivership is incidental to a proposed sale of the Collateral, pursuant to the Uniform Commercial Code or otherwise. Each Loan Party hereby consents to the appointment of such a receiver without notice or bond, to the full extent permitted by applicable statute or law; and waives any and all notices of and defenses to such appointment and agrees not to oppose any application therefor by the Lender, but nothing herein is to be construed to deprive the Lender of any other right, remedy or privilege the Lender may have under law to have a receiver appointed, provided, however, that, the appointment of such receiver shall not impair or in any manner prejudice the rights of the Lender to receive any payments provided for herein. Such receivership shall, at the option of the Lender, continue until full payment of all of the Obligations.

ECF 1-1, PgID 76.

Sakthi Defendants respond that they are not in default and that a receiver is not warranted and would cause them substantial harm. *See generally* ECF 16.

**STANDARD OF REVIEW**

A federal district court "may issue a temporary restraining order without written or oral notice to the adverse party" only if two conditions are met: (1) specific facts in a verified complaint "show that immediate and irreparable injury, loss, or damage will result to the movant" before a hearing can be held; and (2) "the movant's attorney certifies in writing any efforts made to give notice and the reasons why it should not be required." Fed. R. Civ. P. 65(b)(1). A federal district court "may issue a preliminary injunction only on notice to the adverse party." Fed. R. Civ. P. 65(a)(1).

The Court balances four factors when deciding whether to issue a temporary restraining order or grant a preliminary injunction:

> (1) whether the movant has a substantial likelihood of success on the merits; (2) whether the movant will suffer irreparable harm if the injunctive relief is not ordered; (3) whether the requested injunction will cause substantial harm to third parties; and (4) whether the interests of the public are served by the issuance of the injunction.

*Meyer Jewelry Co. v. Meyer Holdings, Inc.*, 906 F. Supp. 428, 431–32 (E.D. Mich. 1995) (citations omitted); *see also Ne. Ohio Coalition for the Homeless v. Blackwell*, 467 F.3d 999, 1009 (6th Cir. 2006). The moving party carries the burden of persuasion. *Winter v. Nat. Res. Def. Council, Inc.*, 555 U.S. 7, 20 (2008).

Huntington relies on *Meyer Jewelry Co.* and *Steinberg v. Young,* 641 F. Supp.2d 637 (E.D. Mich. 2009) to justify appointment of a receiver. Relevant factors affecting whether to appoint a receiver include:

> [1]the existence of a valid claim by the moving party; [2] the probability that fraudulent conduct has occurred or will occur to frustrate the claim; [3] imminent danger that property will be lost, concealed, or diminished in value; [4] inadequacy of legal remedies; [5] lack of a less drastic equitable remedy; and [6] the likelihood that appointment of a receiver will do more harm than good.

*Meyer Jewelry Co.*, 906 F. Supp. at 432 (citing *Aviation Supply Corp. v. R.S.B.I Aerospace Inc.*, 999 F.2d. 314, 316–17 (8th Cir. 1993)). Notably, "the appointment of a receiver is an extraordinary equitable remedy that is justified in only extreme situations." *Id.* (citations omitted).

**ANALYSIS**

Huntington has failed to carry its burden at this juncture to demonstrate that the extraordinary remedies of a temporary restraining order and appointment of receiver are warranted. More evidence is required. Critically, Huntington has failed to demonstrate that it will suffer irreparable harm if a receiver is not immediately appointed. At the hearing, counsel for Huntington expressed the concern that payroll, which is due March 29, 2019, would not be funded. Defense counsel countered that it would be. The Court instructed that should payroll fail to issue, the parties must

contact the court right away for a status call. Thus, Huntington did not demonstrate irreparable and immediate harm. Although Huntington may have a valid claim, it has not demonstrated that the remaining factors for appointing a receiver weigh in its favor.

Although Huntington points to language in the parties' loan contract that would allow for the appointment of a receiver in the event of default of Sakthi Defendants' obligations, the Defendants deny they are in default. The only evidence that has been submitted on this issue is the affidavit of Huntington's senior vice president. Further, Huntington's proposed order grants extensive powers to the receiver, far beyond simply maintaining the status quo and protecting Huntington's interests. The proposed order includes paragraphs that have no connection to the content of Huntington's motion, and Huntington fails to cite any provision in the 220 pages of loan documents it filed with its complaint that would support the sweeping powers it seeks. For example, it asserts that the receiver is authorized to employ a consultant to assist in "the marketing process . . . pursuant to an engagement agreement on terms and conditions agreed upon by the Plaintiff and the Receiver without further order of the Court." ECF 6-4, PgID 453. It provides the receiver with the power "to retain or terminate any existing professionals of the Defendants including consultants, accountants, and attorneys, in his sole reasonable discretion." *Id*. at 460. Huntington does not cite any provision in its contract that provides for this relief.

Based on the information and evidence currently before it, the Court will deny Huntington's emergency motion for a temporary restraining order. And consistent with instructions given during the hearing, the Court will order the parties to submit briefing and to prepare for an evidentiary hearing on a motion for preliminary injunction.

**ORDER**

**WHEREFORE**, it is hereby **ORDERED** that Huntington's Emergency Motion for Appointment of Receiver and Temporary Restraining Order [6] is **DENIED**.

**IT IS FURTHER ORDERED** that the Court will conduct an evidentiary hearing on a motion for preliminary injunction on **Wednesday, April 3, 2019, at 2:00 p.m.** Plaintiff shall **FILE** a motion for preliminary injunction by **Sunday, March 31, 2019 at 12:00 p.m. (noon)**. Defendants shall **FILE** a response brief by **Monday, April 1, 2019 at 5:00 p.m.** If the parties would like additional time to prepare, they are welcome to file a proposed, stipulated order to extend the dates or to otherwise move the Court.

**SO ORDERED**.

s/ Stephen J. Murphy, III
STEPHEN J. MURPHY, III
United States District Judge

Dated: March 29, 2019

**CERTIFICATE OF SERVICE**

I hereby certify that a copy of the foregoing document was served upon the parties and/or counsel of record on March 29, 2019, by electronic and/or ordinary mail.

s/ David P. Parker
Case Manager