# UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF MICHIGAN (Detroit)

THE HUNTINGTON NATIONAL BANK,
a National Banking Association

        Plaintiff,        Case No. 2:19:-cv-10890-SJM

v.        Honorable Stephen J. Murphy, III

SAKTHI AUTOMOTIVE GROUP USA, INC.,
a Michigan corporation, SAKTHI AMERICA
CORPORATION, a Michigan corporation, and
SAKTHI REAL ESTATE HOLDINGS, INC.,
a Michigan corporation

        Defendants.

## FORD MOTOR COMPANY'S LIMITED PURPOSE MOTION TO INTERVENE TO COMMENT ON ANY PROPOSED RECEIVERSHIP ORDER AND AS INTERESTED PARTY IN THE EVENT A RECEIVER IS APPOINTED

Ford Motor Company ("Ford"), by its attorneys, Dykema Gossett PLLC, respectfully requests to intervene in this action as of right, or alternatively, permissively pursuant to Federal Rules of Civil Procedure 24(a) and 24(b), but at this time, only as an interested party in the event The Huntington National Bank's ("Plaintiff") Renewed Motion For The Appointment Of A Receiver (Dkt. 26, Pg. Id. #616-1036)) (the "Motion") is to be granted. Ford does not seek to intervene as a plaintiff or defendant in the lawsuit and does not, at this time, seek to take a

position regarding the lawsuit or the Motion.[1] Rather, Ford seeks to be heard with respect to any form of Order to be entered establishing any receivership proceeding and powers of the receiver and to participate in any receivership proceedings should the Motion be granted.

1. Ford is a customer of Sakthi Automotive Group USA, Inc. ("Sakthi" or "Defendant").

2. Pursuant to various purchase orders, supply contracts or other agreements between Ford and Sakthi, including Ford's Production Purchasing Global Terms and Conditions (collectively, the "Purchase Contracts" and each individually, a "Purchase Contract"), Sakthi is obligated to manufacture and supply Ford with its requirements of component and service parts called for by the Purchase Contracts (collectively, the "Component Parts"). The Component Parts are critical to Ford operations. Ford's risk as a customer similar to that of General Motors LLC ("GM") as reflected in paragraph's 9-11 of the Declaration of Supplier Financial Risk Mitigation for GM, Mark W. Fischer, attached as Exhibit A to the Motion.

3. Therefore Ford's interest, and concern, is in ensuring that in the event

---

[1] Ford reserves all claims, rights and interests including the right to seek to intervene for purposes beyond that currently expressed and to bring its own actions should it choose to do so against any parties in interest (which could include, by way of example only, bringing its own action to appoint a receiver for one or more of the Defendants to this action).

2

a receiver is appointed (the "Receiver"), Ford's interests pursuant to its Purchase Contracts is not impacted by the Receiver's appointment. This includes ensuring that Ford (i) continues to receive Component Parts pursuant to the terms of the Purchase Contracts; (ii) is given appropriate notice, and opportunity to be heard before any action is taken which would impact the performance of the Purchase Contracts; and (iii) be afforded the ability to protect, have access to and remove, if necessary, Ford property in the possession of the Receiver in a manner that will avoid disruption of Ford operations and take any other action it is entitled to under the terms of its Purchase Contracts.

4. The proposed receivership order (the "Order") is attached as Exhibit B to the Motion. As an example of concerns, as currently drafted, under the Receiver Powers, the proposed Order would provide the Receiver with the discretionary right to determine which contracts to perform. (Order 3.q.) Consequently, theoretically, the Receiver could discontinue performing the Purchase Contracts at will without a process in place to protect Ford production. The Order provides that the Receiver is to take control of "Defendants' Collateral," which, by definition should not include Ford owned property such as Ford owned tooling. However, paragraph 17 of the Order provides broad prohibitions which could be interpreted to impact Ford's ability to protect its interests under its Purchase Contracts including the right to retake possession of Ford property upon demand.

5. Ford's position is that if a Receiver is appointed, the Order should provide that Ford's Purchase Contracts rights and interests may not be impacted. Ford should be provided assurance that its Purchase Contracts will be performed pursuant to their terms and that appropriate notice and processes be put in place to ensure that in the event the Receiver seeks to discontinue or modify performance, Ford will have cooperation and continuity of supply until alternative supply arrangements are made.

6. As discussed more fully in the Brief accompanying this Motion, Ford satisfies the criteria for intervention as a matter of right.

7. Alternatively, Ford meets the standard for permissive intervention under Fed. R. Civ. P. 24(b).

8. Pursuant to E.D. Mich. LR 7.2 (B), on May 3, 2019, Movant placed calls to seek concurrence, but due to the timing of the matter and the inability to connect with Plaintiff's counsel, the Movant was unable to conduct a conference.

WHEREFORE, Ford respectfully requests that this Court grant its Motion to Intervene for the reasons set forth in this Motion, and for those more fully set forth in the accompanying Brief, and grant such other relief as it deems just.

Dated: May 3, 2019             DYKEMA GOSSETT PLLC

/s/ Sheryl L. Toby
Sheryl L. Toby (P39114)
Christyn M. Scott (P67485)
Dykema Gossett PLLC
Attorneys for Proposed Intervenor
Ford Motor Company
39577 Woodward Avenue, Suite 300
Bloomfield Hills, MI 48304
Telephone: (248) 203-0700
stoby@dykema.com
cscott@dykema.com

UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN (Detroit)

THE HUNTINGTON NATIONAL BANK,
a National Banking Association

        Plaintiff,        Case No. 2:19:-cv-10890-SJM

v.        Honorable Stephen J. Murphy, III

SAKTHI AUTOMOTIVE GROUP USA, INC.,
a Michigan corporation, SAKTHI AMERICA
CORPORATION, a Michigan corporation, and
SAKTHI REAL ESTATE HOLDINGS, INC.,
a Michigan corporation

        Defendants.

**BRIEF IN SUPPORT OF FORD MOTOR COMPANY'S LIMITED PURPOSE MOTION TO INTERVENE TO COMMENT ON ANY PROPOSED RECEIVERSHIP ORDER AND AS INTERESTED PARTY IN THE EVENT A RECEIVER IS APPOINTED**

## **TABLE OF CONTENTS**

Page

QUESTIONS PRESENTED ..................................................................................i

INTRODUCTION ................................................................................................2

LAW AND ARGUMENT .....................................................................................2

I.  Ford satisfies the criteria for intervention as of right under FRCP 24(A)(2). .......2

   A.  The request for intervention is timely. ........................................................... 3

   B.  Ford has a substantial legal interest in this lawsuit. ....................................... 4

   C.  The existing parties do not represent Ford's interests; they will not be prejudiced by the intervention; and there are no other facts against intervention Ford's ability to protect its interests will be impaired in the absence of intervention. ................................................................................. 5

II.  Alternatively, Ford requests permissive intervention under Fed. R. Civ. P. 24(b). ......................................................................................7

CONCLUSION .....................................................................................................8

# **TABLE OF AUTHORITIES**

**Page(s)**

**CASES**

*Bradley v. Milliken*,
  828 F.2d 1186 (6th Cir. 1987) ...............................................................................4

*Forest Conservation Council v. United States Forest Serv.*,
  66 F.3d 1489 (9th Cir. 1995) .................................................................................5

*Grutter v. Bollinger*,
  188 F.3d 394 (6th Cir. 1999) ............................................................................ 3, 4

*Hatton v. County Bd. of Educ. of Maury County, Tenn.*,
  422 F.2d 457 (6th Cir. 1970) .................................................................................4

*Jansen v. City of Cincinnati*,
  904 F.2d 336 (6th Cir. 1990) .................................................................................3

*Purnell v. City of Akron*,
  925 F.2d 941 (6th Cir. 1991) .................................................................................4

*Stupak-Thrall v. Glickman*,
  226 F.3d 467 (6th Cir. 2000) .................................................................................3

*Trbovich v. United Mine Workers*,
  404 U.S. 528 (1972)................................................................................................5

**TREATISES**

6 MOORE'S FEDERAL PRACTICE § 24.03[4][a] (3d ed.) ...................................5

**RULES**

Fed. R. Civ. P. 24 ................................................................................... passim

**OTHER AUTHORITIES**

*Michigan State AFL-CIO*, at 1248 ...............................................................................7

*Michigan State AFL-CIO*, at 1347 ...............................................................................5

*Michigan State AFL-CIO*, *supra*, at 103 ......................................................................4

## QUESTIONS PRESENTED

I. Should this Court permit Ford to intervene in this action as of right, or permissively, only as an interested party in the event Plaintiff's Renewed Motion for the Appointment of a Receiver (Dkt. 26, Pg. Id. #616-1036), is granted?

Ford Answers "Yes"

Plaintiff Answers "Yes"

This Court should Answer "Yes"

i

## INTRODUCTION

The facts stated in the accompanying motion filed by Ford (the "Ford Motion") are incorporated herein.[2] Ford Motor Company ("Ford"), seeks to intervene in this action as of right, or alternatively, permissively pursuant to Federal Rules of Civil Procedure 24(a) and 24(b), but only, at this time, to be heard with respect to any Order to be entered establishing any receivership proceeding and powers of the receiver and to participate in any receivership proceedings should the Motion be granted, and not as an intervenor plaintiff or defendant in the lawsuit. Ford does not, at this time, seek to take a position as to whether a receiver should or should not be appointed but rather Ford seeks to preserve and protect its rights and be afforded the due process to address the nature of the receivership requested by Plaintiff.[3]

## LAW AND ARGUMENT

**I.  Ford satisfies the criteria for intervention as of right under FRCP 24(A)(2).**

Fed. R. Civ. P. 24 sets forth the test for intervention. Rule 24(a)(2) provides for intervention of right where the proposed intervenor timely moves, and claims an

---

[2] Capitalized terms not otherwise defined herein shall have the meaning ascribed in the Ford Motion.

[3] Ford reserves all claims, rights and interests including the right to seek to intervene for purposes beyond that currently expressed and to bring its own actions should it choose to do so against any parties in interest (which could include, by way of example only, bringing its own action to appoint a receiver for one or more of the Defendants to this action).

2

interest relating to the property or transaction that is the subject of the action, and is so situated that disposing of the action may as a practical matter impair or impede the movant's ability to protect its interest, unless existing parties adequately represent that interest. *Id.*

The Sixth Circuit has recognized four elements which must be satisfied for intervention as a matter of right under Rule 24(a): (1) the application must be timely; (2) the party must have a substantial legal interest in the subject matter of the case; (3) the party must demonstrate that its ability to protect that interest will be impaired in the absence of intervention; and (4) there must be inadequate representation of that interest by the current parties before the court. *Grutter v. Bollinger*, 188 F.3d 394, 397-98 (6th Cir. 1999). Each of these elements is satisfied here.

### A. The request for intervention is timely.

Timeliness of a motion to intervene is evaluated "in the context of all relevant circumstances." *Stupak-Thrall v. Glickman*, 226 F.3d 467, 472-73 (6th Cir. 2000) (quoting *Jansen v. City of Cincinnati*, 904 F.2d 336, 340 (6th Cir. 1990)). In considering timeliness, a variety of factors are considered, including:

> (1) the point to which the suit has progressed; (2) the purpose for which intervention is sought; (3) the length of time preceding the application during which the proposed intervenors knew or should have known of their interest in the case; (4) the prejudice to the original parties due to the proposed intervenors' failure to

3

> promptly intervene after they knew or reasonably should have known of their interest in the case; and (5) the existence of unusual circumstances militating against or in favor or intervention.

Id. at 473-74.

Ford's motion to intervene is timely. The case is still in its infancy stages and the Motion is yet to be heard.

### B. Ford has a substantial legal interest in this lawsuit.

It is well established in the Sixth Circuit that the "substantial interest" factor for purposes of a motion to intervene as a matter of right is to be construed liberally. *Bradley v. Milliken*, 828 F.2d 1186, 1192 (6th Cir. 1987) (citing *Hatton v. County Bd. of Educ. of Maury County, Tenn.*, 422 F.2d 457, 461 (6th Cir. 1970)). *See also*, *Michigan State AFL-CIO*, supra, at 1245: the Sixth Circuit "has opted for a rather expansive notion of the interest sufficient to invoke intervention of right." An intervenor "need not have the same standing necessary to initiate a lawsuit[.]" *Id.,* citing *Purnell v. City of Akron,* 925 F.2d 941 at 948 (6th Cir. 1991). The Sixth Circuit has also rejected the notion that Rule 24(a)(2) "requires a specific legal or equitable interest." *Grutter v. Bollinger*, 188 F.3d 394, 398 (CA6, 1999). Even so-called "close cases should be resolved in favor of recognizing an interest under Rule 24(a)." *Id*., citing *Michigan State AFL-CIO*, *supra*, at 103. "The inquiry into the substantiality of the claimed interest is necessarily fact-specific."

4

Ford is a customer of one or more of the entities that is sought to be placed into receivership. Ford relies upon defendants to supply Component Parts critical to Ford operations. Any failure to supply those component parts to Ford could cause Ford to incur immediate and significant irreparable injury by causing a production interruption to Ford which would not only impact Ford, but the entire supply chain associated with the vehicles for which the Component Parts are utilized as well as damage Ford's reputation and relationship with its customers. Ford's customer and contract interests are no less important or critical than Plaintiff's interests. Ford's interest therefor is in making sure its interests pursuant to its Purchase Contracts are not impacted by the Receiver's appointment and that to the extent that any effort is to be made to impact the performance of Ford Purchase Contracts, Ford be provided due process by appropriate notice, and opportunity to be heard.

Under these circumstances, Ford should be allowed to participate fully in the determination of the scope of authority, powers and duties, of any receiver and in any receivership proceeding.

**C. The existing parties do not represent Ford's interests; they will not be prejudiced by the intervention; and there are no other facts against intervention; Ford's ability to protect its interests will be impaired in the absence of intervention.**

Ordinarily a proposed intervenor need only show that representation of its interests "'may be' inadequate; and the burden of making that showing should be

5

treated as minimal." *Trbovich v. United Mine Workers*, 404 U.S. 528, 538 n.10 (1972). An intervenor "is not required to show that the representation will in fact be inadequate." *Michigan State AFL-CIO*, at 1347. "For example, it may be enough to show that the existing party who purports to seek the same outcome will not make all of the prospective intervenor's arguments." *Id*., citing *Forest Conservation Council v. United States Forest Serv*., 66 F.3d 1489, 1498-99 (9th Cir. 1995).

"It has been said that, given this standard, the applicant should be treated as the best judge of whether the existing parties adequately represent his or her interests, and that any doubt regarding adequacy of representation should be resolved in favor of the proposed intervenors." 6 MOORE'S FEDERAL PRACTICE § 24.03[4][a], at 24-42 (3d ed.) (footnote omitted).

To the best of Ford's knowledge, there are no parties that have intervened and that are being heard with respect to customer interests and even if there were, while some interests would be aligned, each customer would also have its own unique interests. Ford is not in the position at this time to comment on whether the appointment of a Receiver is or is not in its interest and thus takes no position in that regard. However, Ford has a keen interest in making sure that its Purchase Contract rights are not impaired and that it continues to receive Component Parts pursuant to the terms of those Purchase Contracts regardless of the person or

6

entities that seek to control Defendant's operations. At the current time, the proposed order provides the Receiver with the opportunity to impair Ford's interests without notice and due process. Therefore Ford's interests are not being represented. Conversely, no party would be harmed by Ford's intervention for the purposes of affording appropriate due process Ford before its rights are impaired. Ford is optimistic that its interests could be adequately addressed consensually and would endeavor to work with the Receiver and the other parties in interest in that regard should a Receiver be appointed.

Ford satisfies each of the four elements necessary for intervention of right under Federal Rule of Civil Procedure 24(a)(2). Accordingly, Ford respectfully requests that the Court grant intervention pursuant to Fed. R. Civ. P. 24(a).

## II. Alternatively, Ford requests permissive intervention under Fed. R. Civ. P. 24(b).

If the Court does not grant intervention as of right, the Court may still allow, in its discretion, permissive intervention under Federal Rule of Civil Procedure 24(b). An applicant for permissive intervention, therefore, need only show that the motion for intervention is timely, that there is at least one common question of law or fact, and that balancing of undue delay, prejudice to the original parties, and any other relevant factors, favors intervention. *Michigan State AFL-CIO*, at 1248. These factors support exercising such discretion to grant Ford permissive intervention.

As discussed above, the motion for intervention is timely. The Motion has not even been fully addressed by the court. Further, common questions of law or fact exist. Plaintiff seeks the appointment of a receiver over defendant's operations. Ford relies on those operations to provide it with critical Component Parts. Finally, intervention will not "unduly delay or prejudice the adjudication of the original parties' rights." Fed. R. Civ. P. 24(b)(3). Rather, having the participation of customers of the Defendant's which are uniquely situated interested parties could further advance orderly transition should the Motion be granted.

For these reasons, permissive intervention is appropriate and should be granted as alternative relief to intervention of right.

## CONCLUSION

For the reasons set forth above, Ford Motor Company respectfully requests that this Court grant its request to intervene to be heard with respect to any form of Order to be entered establishing any receivership proceeding and powers of the receiver and to participate in any receivership proceedings should the Motion be granted.

8

DATED:   May 3, 2019            DYKEMA GOSSETT PLLC

/s/ Sheryl L. Toby
Sheryl L. Toby (P39114)
Christyn M. Scott (P67485)
Dykema Gossett PLLC
Attorneys for Proposed Intervenor
Ford Motor Company
39577 Woodward Avenue, Suite 300
Bloomfield Hills, MI  48304
Telephone:  (248) 203-0700
stoby@dykema.com
cscott@dykema.com

## CERTIFICATE OF SERVICE

I hereby certify that on May 3, 2019, I electronically filed the foregoing paper with the Clerk of the Court using the ECF System which will send notification of such filing to all ECF participants.

Respectfully submitted,

DYKEMA GOSSETT PLLC

/s/ Sheryl L. Toby
Sheryl L. Toby (P39114)
Christyn M. Scott (P67485)
Dykema Gossett PLLC
Attorneys for Proposed Intervenor
Ford Motor Company
39577 Woodward Avenue, Suite 300
Bloomfield Hills, MI  48304
Telephone:  (248) 203-0700
stoby@dykema.com
cscott@dykema.com

9