UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

THE HUNTINGTON NATIONAL
BANK,

        Plaintiff,

v.

SAKTHI AUTOMOTIVE GROUP
USA, INC., et al.,

        Defendants.

                              /

Case No. 2:19-cv-10890

HONORABLE STEPHEN J. MURPHY, III

**ORDER GRANTING MOTIONS TO INTERVENE BY BANGKOK
BANK PUBLIC COMPANY LIMITED [36], FORD MOTOR COMPANY
[42], AND PUNJAB NATIONAL BANK (INTERNATIONAL) LIMITED [44]**

On April 3, 2019, Plaintiff the Huntington National Bank ("Huntington") filed a motion for a preliminary injunction and a renewed motion for appointment of a receiver. ECF 26. On April 19, 2019, Bangkok Bank Public Company Limited ("Bangkok Bank") filed a motion to intervene. ECF 36. Bangkok Bank states that it entered into a credit agreement with Defendant Sakthi Automotive Group, USA, Inc. ("SAGUSA") on November 17, 2017 and an amended and restated credit agreement on March 27, 2018, and that it granted SAGUSA an unsecured $10 million revolving loan on December 21, 2018. *Id*. at 1955. Bangkok Bank states that it has "a first-priority perfected security interest and mortgage" on certain SAGUSA property. *Id*. at 1956. Bangkok Bank further states that it "does not oppose the appointment of a Receiver in this matter, but seeks to intervene in order to protect its interests as a lender to SAGUSA." *Id*. at 1957. Bangkok Bank seeks to intervene pursuant to

1

Federal Rule 24 because it claims an interest in property related to the case and no other party adequately represents its interests. *Id.* at 1958.

On May 3, 2019, Ford Motor Company ("Ford") filed a limited purpose motion to intervene to comment on any proposed receivership order. ECF 42.[1] "Ford seeks to be heard with respect to any form of Order to be entered establishing any receivership proceeding and powers of the receiver and to participate in any receivership proceedings should the Motion [for appointment of a receiver] be granted." *Id.* at 2178. Ford states that SAGUSA is contractually "obligated to manufacture and supply Ford" with certain critical component and service parts. *Id.* Ford seeks to intervene pursuant to Federal Rule 24 to ensure that its interests are not adversely impacted by the receiver's appointment. *Id.* at 2179, 2187.

On May 13, 2019, Punjab National Bank (International) Limited ("Punjab Bank") filed a motion to intervene. ECF 44. Punjab Bank states that it entered into various agreements with SAGUSA including a July 23, 2015 credit agreement "providing a loan facility of up to $10,000,000." *Id.* at 2199. Punjab Bank further represents that "[p]ursuant to a Fourth Amended and Restated Subordination and Intercreditor Agreement . . . as well as various Mortgages and Security Agreements between Punjab and SAGUSA, Punjab has a first-priority perfected security interest and mortgage on" certain SAGUSA property. *Id.* at 2199–2200. "The present amount owed to Punjab is in excess of $4,000,000 plus interest, costs and fees." *Id.* at 2200.

---

[1] Ford's motion was incorrectly filed as a reply brief and does not appear as a pending motion on the docket.

2

Punjab seeks to intervene pursuant to Federal Rule 24 "to protect its interests as a lender to SAGUSA." *Id*. Punjab Bank states that it objects to the appointment of a receiver unless rents due to Punjab Bank from certain property over which it has a first-priority interest are paid to Punjab Bank absent surcharge by the receiver. *Id*. at 2201.

On May 14, 2019, the Court held an evidentiary hearing on Huntington's motion for preliminary injunction and appointment of a receiver. *See* ECF 47. The Court noted that it had ordered a response to Bangkok Bank's motion to intervene by May 1, 2019, and no party had responded. *Id*. at 2386–87. The Court then granted Bangkok Bank's motion to intervene. *Id*. The Court similarly noted that no party responded to Ford's limited purpose motion to intervene and therefore granted Ford's request to comment on any proposed receivership order as an interested party. *Id*. at 2387. The Court then allowed the parties ten days to respond to Punjab Bank's motion to intervene and stated that if no party filed a response the Court would grant the motion. *Id*. No party timely responded and, accordingly, the Court will grant Punjab Bank's motion to intervene. Bangkok Bank, Ford, and Punjab Bank each claim an interest in property that may potentially be impacted by appointment of a receiver, no other party adequately represents their rights, and intervention by these parties will not unduly delay or prejudice the rights of Plaintiff or Defendants. *See* Fed. R. Civ. P. 24.

On May 16, 2019, the Court denied Huntington's motion for a preliminary injunction and granted its renewed motion for appointment of a receiver. ECF 49. On

May 21, 2019, Huntington filed a proposed order appointing a receiver. ECF 55, PgID 2561–85. If an interested party wishes to object to Huntington's requests contained in the proposed order, they shall file their objections no later than Friday, May 31, 2019.  The objecting party shall specifically identify by page and paragraph number its objection to Huntington's proposed receiver order and shall provide a factual or legal basis for its objection.

## ORDER

**WHEREFORE**, it is hereby **ORDERED** that, pursuant to the Court's oral ruling at the May 14, 2019 evidentiary hearing, the motions to intervene filed by Bangkok Bank Public Company Limited [36], Ford Motor Company [42] and Punjab National Bank (International) Limited [44] are **GRANTED**.

**IT IS FURTHER ORDERED** that an interested party wishing to file an objection to Plaintiff's request for appointment of a receiver shall **FILE** its specific written objections along with the factual or legal basis for its objections no later than **Friday, May 31, 2019**.

**SO ORDERED.**

                                                s/ Stephen J. Murphy, III
                                                STEPHEN J. MURPHY, III
                                                United States District Judge

Dated: May 29, 2019

I hereby certify that a copy of the foregoing document was served upon the parties and/or counsel of record on May 29, 2019, by electronic and/or ordinary mail.

                                                s/ David P. Parker
                                                Case Manager