# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF MICHIGAN
# SOUTHERN DIVISION

| | |
|---|---|
| THE HUNTINGTON NATIONAL BANK, a National Banking Association, | Case No. 2:19-cv-10890 |
| Plaintiff | Honorable Stephen J. Murphy, III |
| v. | |
| SAKTHI AUTOMOTIVE GROUP USA, INC., a Michigan corporation, SAKTHI AMERICA CORPORATION, a Michigan corporation, and SAKTHI REAL ESTATE HOLDINGS, INC., a Michigan corporation, | |
| Defendants. | |

**PLAINTIFF'S RESPONSE TO THE OBJECTIONS FILED BY FORTRESS VENTURES LLC [ECF 71], FORD MOTOR COMPANY [ECF 72], WEIHEL BETHEL SAKTHI AUTOMOTIVE SAFETY SYSTEMS, CO. LTD. AND BETHEL AUTOMOTIVE SAFETY SYSTEMS CO., LTD. [ECF 73] TO THE PROPOSED RECEIVERSHIP ORDER**

**NOW COMES** The Huntington National Bank, a National Banking Association and successor by merger to FirstMerit Bank, N.A. ("Plaintiff"), by and through its attorneys McDonald Hopkins LLC, and for its response to the objections filed by Fortress Ventures LLC ("Fortress") [ECF 71], Ford Motor Company ("Ford") [ECF 72], Weihel Bethel Sakthi Automotive Safety Systems, Co. Ltd ("WBS") and Bethel Automotive Safety Systems Co., Ltd ("WBTL") [ECF 73], states as follows:

## I.  INTRODUCTION

On May 29, 2019, this Court permitted an interested party to file "specific written objections along with the factual or legal basis for its objections" to Plaintiff's proposed receivership order contained in ECF 55, PgID 2561-85 (the "Proposed Receivership Order").  On May 31, 2019, objections were filed by Fortress Ventures LLC ("Fortress"), Ford Motor Company ("Ford"), Weihel Bethel Sakthi Automotive Safety Systems Co. Ltd. ("WBS") and Bethel Automotive Safety Stems Co., Ltd. ("WBTL").

At the outset, there were no objections filed by Fortress, Ford, WBS or WBTL to the appointment of a receiver by this Court, only to the specific powers the receiver may have once appointed. Nor did any of their filings articulate a plan on how to save Defendants from imminent financial collapse or provide any proposal to pay Plaintiff the amounts owed to it. The fact that Defendants are in imminent financial distress is beyond reasonable debate.  The company was overdraft in its operating account by $177,000 and its checking account by $122,000, as of the morning of Saturday, June 1, 2019. Also as of that date, Defendants' availability on the line of credit was only $96.00. Time is running out.

For the reasons set forth below, the Proposed Receivership Order should be entered as Plaintiff submitted it.  In the alternative, the Proposed Receivership Order may include Ford's revisions identified on **pages 3, 7, 11, 13,14 and 17 to its**

Exhibit 1, but not Ford's proposed footnote 3 on page 17 to its Exhibit 1, which would allow Ford to take unilateral actions that would interfere and otherwise disrupt the receivership estate. Plaintiff proposed an alternative footnote 3, which includes the following underlined language to be sure that the Court maintains the necessary oversight: "This provision <u>in this paragraph 17</u> is not intended to modify the terms of the Ford Contract<u>, provided however, the terms in this paragraph 17 as well as paragraph 17a, paragraph 17b, paragraph 17c, and paragraph 17d below remain effective and applicable to Ford.</u>"  This added underlined language will ensure Court oversight of the actions Ford has signaled it may take, with such actions being contingent on the Court's approval after all interested parties are heard.

II.     **PLAINTIFF'S RESPONSE TO OBJECTIONS RAISED BY FORD.**

Without any evidence, Ford argues that its objections are necessary to avoid "tipping of the scales." But, in its next breath, it argues that it should have special treatment, without Court oversight or approval, through the addition of footnote 3 to section 17 on page 24. Ford argues that its footnote 3 would allow it to, among other things, have the option to resource to another supplier. Such resourcing would greatly interfere with the receivership estate. Plaintiff requested that Ford's proposed footnote 3 would include the following underlined language so that the Court may have an opportunity to oversee and approve the actions Ford may take:

> This provision <u>in this paragraph 17</u> is not intended to modify the terms of the Ford Contract<u>, provided however, the terms in this paragraph 17 as well as paragraph 17a, paragraph 17b, paragraph 17c, and paragraph 17d below remain effective and applicable to Ford.</u>

However, Ford refused to include this underlined language.

Ford also argues, without any basis, that the receiver may "pick and choose which contracts to comply with." This is simply not true. Section 3q to both Ford's and Plaintiff's proposed receivership order provides that the receiver is "[t]o perform pursuant to the terms of any existing contracts executed by the Defendants in connection with the Receivership Assets" unless otherwise ordered by this Court.

Plaintiff does not contest Ford's objections identified on pages 3, 7, 11, 13,14 and 17 to its Exhibit 1. If the above language Plaintiff proposes to footnote 3 is added, which allows this Court to monitor and approve certain actions Ford may take, Plaintiff would also not contest that provision to be added as well.

### III.   <u>PLAINTIFF'S RESPONSE TO OBJECTIONS RAISED BY FORTRESS</u>.

The objection filed by Fortress is substantially the same as the prior objections made by Defendants, and likewise should be overruled.

As set forth in the Joint Status Report of May 21, 2019 [ECF 55], this Court certainly has the power to provide the receiver it appoints with the sole authority to file bankruptcy for Defendants. See, *Liberte Capital Group, LLC v. Capwill,* 462 F.3d 543, 551 (6th Cir. 2006); *In re Petters Co., Inc.*, 401 B.R. 391, 406 (D. Minn.

2009); *Resolution Trust Corp. v. Bayside Developers,* 43 F.3d 1230, 1241 (9th Cir. 1994); *S.E.C. v. Wencke*, 622 F.2d 1363, 1369 (9th Cir. 1980).

In any event, Fortress is not even an interested party and has no standing to be making any objection in the first place. In Fortress' objection, it argues that it is a 10% owner of Sakthi Global Auto Holdings ("SGAH") and, as such, an interested party in the case. But, this is not true. Based on the complaint Fortress filed against Defendant Sakthi Automotive Group USA, Inc. on March 19, 2019 (and previously introduced as Exhibit I at the May 14th evidentiary hearing), Fortress was a 20% shareholder in ABT Auto Investments Limited ("ABT Auto"), which is the 50.1% owner of SGAH. Thus, Fortress does not own, and has never owned, any shares of SGAH. Nor does Fortress currently have an indirect ownership interest in SGAH. Defendants themselves previously brought to this Court's attention that Token Communities Ltd. ("Token") acquired ABT Auto. [See, ECF 23-3 PgID 605-607]. Accordingly, Fortress currently has no interest to protect and should not be viewed as an interested party in this action.

### IV. PLAINTIFF'S RESPONSE TO OBJECTIONS RAISED BY WBS AND WBTL.

Again, the objection filed by WBS and WBTL is substantially the same as the prior objections made by Defendants and should be overruled. WBS and WBTL argue that the Proposed Receivership Order "could arguably negatively

impact" them, but fail to acknowledge that many of the Proposed Receivership Order's provisions are expressly subject to Court review and approval.

Further, the Proposed Receivership Order does not permit a pre-approval sale of assets. The sale procedures set forth at section 3(h), and quoted by WBS and WBTL, already expressly requires a motion to be filed as well as approval from the Court. The Proposed Receivership Order does not prohibit any interested party with standing from being heard with respect to such motion.

## V.  CONCLUSION

Plaintiff's Proposed Receivership Order should be entered as submitted, or in the alternative, as modified per the above arguments relating to Ford.

For the reasons set forth above, the objections made by Fortress, WBS and WBTL should be overruled.

Dated:  June 3, 2019

Respectfully submitted,

/s/ Alexander A. Ayar
Michael G. Latiff (P51263)
Alexander A. Ayar (P69623)
MCDONALD HOPKINS PLC
39533 Woodward Ave., Suite 318
Bloomfield Hills, MI 48304
Telephone: (248) 220-1359
Email:  mlatiff@mcdonaldhopkins.com
         aayar@mcdonaldhopkins.com

and

> Scott N. Opincar (0064027)
> McDonald Hopkins LLC
> 600 Superior Avenue, East, Suite 2100
> Cleveland, Ohio 44114
> Telephone: (216) 348-5400
> Email: sopincar@mcdonaldhopkins.com
> (Admitted to Practice Before This Court)
>
> *Attorneys for Plaintiff*

## **CERTIFICATE OF SERVICE**

I hereby certify that on June 3, 2019, I electronically filed the foregoing document with the Clerk of the Court using the CM/ECF System, which will send notification of such filing to all parties who have filed an appearance in this case.

*/s/ Alexander A. Ayar*
Alexander A Ayar (P69623)
