UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

THE HUNTINGTON NATIONAL
BANK,

        Plaintiff,

v.

SAKTHI AUTOMOTIVE GROUP
USA, INC., et al.,

        Defendants.
_____/

Case No. 2:19-cv-10890

HONORABLE STEPHEN J. MURPHY, III

**ORDER ADDRESSING OBJECTIONS
TO PROPOSED RECEIVERSHIP ORDER**

On May 16, 2019, the Court granted Plaintiff The Huntington National Bank's ("Huntington") renewed motion for appointment of a receiver and directed the parties to file a joint status report identifying a receiver who they agree is qualified and appropriate for the case. ECF 49, PgID 2491. If the parties could not agree, they were to identify the names of potential receivers they discussed and provide the objecting party's reasons for opposing each receiver. *Id*. The Court ordered the parties to "address the proposed powers of the receiver, stipulate to any agreed-upon powers, and identify why an objecting party opposes certain powers." *Id*. The parties were further ordered to explain why the receiver should not also serve as a special master and to file a separate joint status report detailing "any agreements that may resolve the litigation through investment of funds, payment of loans, or otherwise." *Id*. On May 20, 2019, and May 21, 2019, Huntington and Defendants Sakthi Automotive

1

Group, USA, Inc. ("SAGUSA"), Sakthi America Corporation, and Sakthi Real Estate Holdings ("Sakthi Defendants") submitted the required joint status reports. ECF 52, 55. The parties did not present any objections to the receiver also serving as a special master. *See id*.

On May 21, 2019, Huntington filed a proposed order appointing a receiver. ECF 55, PgID 2561–85. On May 29, 2019, the Court granted motions to intervene filed by Bangkok Bank Public Company Limited, Ford Motor Company ("Ford"), and Punjab National Bank (International) Limited. ECF 62. The Court ordered any interested party that objected to Huntington's proposed order appointing a receiver to file their objections no later than Friday, May 31, 2019. *Id*. at 3367. The objecting party was required to "specifically identify by page and paragraph number its objection to Huntington's proposed receiver order" and to "provide a factual or legal basis for its objection." *Id*.

On May 31, 2019, Detroit Investment Fund, L.P. and Chase Invest Detroit Fund, LLC filed a statement in support of Huntington's proposed order appointing a receiver. ECF 70. These interested parties communicated with Huntington and negotiated changes to a prior version of Huntington's proposed order that are contained in the current version before the Court. *Id*. at 3381. Also on May 31, 2019, Fortress Ventures LLC ("Fortress"), Ford, and Weihel Bethel Sakthi Automotive Safety Systems Co. Ltd ("WBS") and Bethel Automotive Safety Systems Co., Ltd. ("WBTL") filed objections to Huntington's proposed order. ECF 71–73. On June 3, 2019, Huntington filed a response to the objections. ECF 76.  The Court has

thoroughly reviewed and considered the concerns presented by all parties regarding the receivership. The Court will overrule in part and sustain in part Sakthi Defendants' objections presented in the parties' joint status reports, will overrule the objections of Fortress, sustain the objections of Ford, and sustain the objection of WBS and WBTL as set forth below. This ruling will be reflected in the Court's Order appointing a receiver, which will issue separately.

## DISCUSSION

I.   Joint Status Reports [52], [55]

   A. *Authority to commence bankruptcy*.

According to the parties' first joint status report, "[t]he major point of contention between Defendants and Plaintiff with respect to the powers of the receiver focus on whether or not the receiver should be granted the sole authority (to the exclusion of Defendant[s]) to commence a bankruptcy proceeding for the debtor." ECF 52, PgID 2506. Defendants agree that the receiver "should have powers necessary to operate the business, collect amounts due the estate, as well as enter into contracts, terminate contracts, file tax returns, comply with existing agreements, manage the cash and other assets of the business, [and] sell unneeded assets of the business" but assert that the receiver should not be "the sole person vested with the right to file bankruptcy for the Defendants." *Id*. at 2507–08. Huntington counters that "[the] Court certainly has the power to provide the receiver it appoints with the sole authority to file bankruptcy for Defendants" and provides case law supporting its contention. ECF 55, PgID 2550–51.

The parties inadequately briefed whether the receiver should have authority to unilaterally file for bankruptcy. And Sakthi Defendants do not explain whether they are currently contemplating filing for bankruptcy, or whether their concern is based on a possible future need. Regardless, the Court will provide the receiver with the sole authority to file for bankruptcy but will require the receiver to acquire Court approval before doing so. *See Liberte Capital Grp., LLC v. Capwill*, 462 F.3d 543, 551 (6th Cir. 2006) ("Once assets are placed in receivership, a district court's equitable purpose demands that the court be able to exercise control over claims brought against those assets. The receivership court has a valid interest in both the value of the claims themselves and the costs of defending any suit as a drain on receivership assets."); *see also United States v. Royal Bus. Funds Corp.*, 724 F.2d 12, 16 (2d Cir. 1983) (noting that "a debtor subject to a federal receivership has no absolute right to file a bankruptcy petition").

If Sakthi Defendants determine that filing for bankruptcy is in their best interest, they must first consult with the receiver. If the receiver disagrees with Sakthi Defendants that filing for bankruptcy is appropriate, Sakthi Defendants may then file a properly supported motion setting forth the factual and legal basis supporting their request to file bankruptcy over the objection of the receiver. The Court will consider the request and determine whether amendment of this Order is justified.

B. *Shareholder agreements and stock ownership.*

Sakthi Defendants further submit that "the receiver should not have the ability to issue stock or convertible debt as the dilution of the shareholders by such an act would impair the rights of individual shareholders of the corporate parents who are not parties to this litigation." ECF 52, PgID 2508. They claim that the receiver "should also not be allowed to invalidate or otherwise interfere with shareholder agreement[s], existing stock ownership, or engage in a sale of stock or other equity instrument, including convertible debt, without the consent of non-party shareholders." *Id*. Huntington has not responded to the objection but is permitted to do so if it determines a response is necessary. The Court will sustain Sakthi Defendants' objection on this point. The Court may amend its receivership Order as circumstances require.

C. *Right to remove officers, directors or managers.*

Sakthi Defendants object that Huntington's proposed receivership order "includes the right to remove officers, directors or managers from the business" and argue "[t]his should not be allowed." ECF 52, PgID 2508. Again, the parties inadequately briefed the issue. Further, it is not clear that removing officers, directors, or managers will be necessary to conserve the receivership collateral, or that such an action is legally justified. The Court will sustain Sakthi Defendants' objection. If the receiver or either party believes an amendment to the receivership order is warranted, they may file the appropriate motion.

5

D. *Indemnity clause.*

Sakthi Defendants next object to the clause in Huntington's proposed receivership order that indemnifies the receiver for claims arising in connection with the receivership except as to liability for gross misconduct or gross negligence. ECF 52, PgID 2508. Sakthi Defendants claim this clause would require them to indemnify the receiver for simple negligence and other torts committed by the receiver. *Id.*

The receiver acts as an officer of the court. *Liberte*, 462 F.3d at 551. As such, he is not personally liable for actions taken in good faith within the scope of his authority as receiver. *Davis v. LifeTime Capital, Inc.,* 740 F. App'x 820, 829–30 (6th Cir. 2018) ("A receiver acts as an 'arm of the court' and thus enjoys quasi-judicial immunity."); *Plassman v. City of Wauseon*, 85 F.3d 629 (6th Cir. May 14, 1996) (Table) (recognizing prior holding "that a court appointed receiver who did not act outside of his authority under court order or maliciously or corruptly was entitled to judicial immunity"). The objection is overruled.

E. Remaining objections

Sakthi Defendants submit that the receiver should "be required to comply with all state, federal and local law as well as collective bargaining agreements and other contracts to which [Sakthi Defendants are] a party and which were entered into in the ordinary course of business." ECF 52, PgID 2508. This objection does not address any specific language proposed by Huntington and Huntington has not responded. The Court will sustain the objection with the caveat that should the receiver determine that a certain contract is not in the best interest of the receivership—and

6

after conferring with the necessary parties the receiver cannot reach a resolution regarding contract performance, terms, or other pertinent issues—the receiver may seek approval from the Court to terminate the subject contract.

Sakthi Defendants also claim that the receivership "should be dissolved in the event that AAPICO fails to provide the $25 Million financing within 10 days of the receivership appointment." *Id.* at 2509. Sakthi Defendants provide no valid basis for the objection and it is overruled.

Lastly, Sakthi Defendants assert that "[t]he balance of the receivership order should contain certain provisions allowing the receiver to act in the ordinary course, to deal with bank accounts, receivable[s], causes of action, and other matters arising in the ordinary course but limited to those matters set forth in 28 U.S.C. § 3103." *Id.* Huntington disputes that § 3103 is applicable because the United States is not a party. ECF 55, PgID 2551 n.3. Sakthi Defendants' objection is too vague to be helpful. Section 3103 authorizes the United States or a federal agency to use certain prejudgment remedies under the Federal Debt Collection Procedures Act to preserve the status quo. 28 U.S.C. § 3103. It is unclear why Sakthi Defendants believe the statute is relevant or how it should be employed to limit the receiver's power. The objection is overruled.

II. Objections of Fortress Ventures, LLC [71]

Fortress reports that it "is a 10% owner of Sakthi Global Auto Holdings Limited ('SGAH'), which owns 100% of the shares of Defendant Sakthi Automotive Group USA, Inc. ('SAGUSA') [and] SAGUSA, in turn, owns the other two

7

Defendants." ECF 71, PgID 3384. Fortress raises the same objections presented by Sakthi Defendants regarding the receiver's ability to sell stock, remove officers, and petition for bankruptcy. *Id.* at 3385. Fortress argues that "the receiver must run Defendants in compliance with their various corporate documents, including bylaws, articles of incorporation, and shareholder agreements." *Id.* at 3387. Fortress does not offer any legal authority to support its demand.

Huntington disputes that Fortress has any standing to make an objection. It argues that Fortress's contention that it is a 10% owner of Sakthi Global Auto Holdings is not true. ECF 76, PgID 3455. The Court need not resolve the factual dispute at this time because Fortress's objections are not well taken. Fortress repeated Sakthi Defendants' objections, which the Court already addressed, and Fortress failed to support its remaining objection regarding the requirement that the receiver comply with corporate documents. Fortress's objections are overruled.

III.   Objections of Ford Motor Company [72]

Ford reports that SAGUSA supplies it with component parts "using certain specialized tooling and other property owned by Ford and provided by Ford to [SAGUSA] on a bailment at will basis." ECF 72, PgID 3410. Ford further reports that if Defendant fails to timely provide it with the necessary parts, the failure could cause associated Ford assembly operations to shut down, thereby harming multiple other stakeholders in the supply chain. *Id.* Ford is concerned that Huntington's proposed receivership order "would allow the receiver to pick and choose which contracts to comply with and which it could threaten to disregard or not perform . . . [and] would

prevent (stay) the customer from obtaining access to its tooling necessary to maintain production." *Id*. at 3411.

Ford has suggested language modifying Huntington's proposed receivership order to prevent potential harm to Ford's interests. Huntington agrees with the revisions Ford suggests except as to a footnote requested by Ford, to which Huntington provides additional revision "to ensure the court maintains the necessary oversight." ECF 76, PgID 3453. Ford's objections are sustained and the Court will incorporate Huntington's additional revisions regarding the disputed footnote in its order appointing a receiver.

II.     Objections of Weihel Bethel Sakthi Automotive Safety
        Systems Co. Ltd and Bethel Automotive Safety Systems Co. Ltd. [73]

WBS is a joint venture located in China that is owned 51% by WBTL and 49% by Defendant Sakthi Automotive Group USA, Inc. ECF 73, PgID 3441–42. WBS is concerned that the receiver will have the power to sell Sakthi Defendants' stock and "WBS wishes to have the right to weigh in on the sale of a 49% interest in its company, and/or have a right of first refusal to purchase that interest, if a receiver should choose to liquidate that interest." *Id*. at 3442. WBTL "does not want to be forced to accept a 49% partner which it has not chosen[.]" *Id*. at 3442–43. Neither WBS nor WBTL concede that Defendant's 49% interest should be considered an asset of Sakthi Defendants subject to sale by the receiver. *Id*. at 3442 n.1.

WBS and WBTL particularly object to section 3(h) of Huntington's proposed receivership order because it allows various parties, including secured lenders and any senior lender to object to the sale of assets, but it does not provide WBS or WBTL

9

the same right to object. *Id*. at 3444–45. Huntington counters that the proposed receivership order does not prohibit any party with standing from being heard with respect to any motion regarding the sale of assets. ECF 76, PgID 3456. WBS and WBTL's objections are sustained. The Court will make clear in its order appointing a receiver that any party with standing may be heard with respect to any motion regarding the sale of assets.

## ORDER

**WHEREFORE**, it is hereby **ORDERED** that Defendants Sakthi Automotive Group, USA, Inc. ("SAGUSA"), Sakthi America Corporation, and Sakthi Real Estate Holdings' objections presented in the parties' joint status reports [52], [55] are **OVERRULED** in part and **SUSTAINED** in part.

**IT IS FURTHER ORDERED** that the objections of Fortress Ventures LLC [71] are **OVERRULED**.

**IT IS FURHTER ORDERED** that the objections of Ford Motor Company [72], and the objection of Weihel Bethel Sakthi Automotive Safety Systems Co. Ltd. and Bethel Automotive Safety Systems Co., Ltd. [73] are **SUSTAINED**.

**SO ORDERED.**

s/ Stephen J. Murphy, III
STEPHEN J. MURPHY, III
United States District Judge

Dated: June 20, 2019

I hereby certify that a copy of the foregoing document was served upon the parties and/or counsel of record on June 20, 2019, by electronic and/or ordinary mail.

s/ David P. Parker
Case Manager