UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

THE HUNTINGTON
NATIONAL BANK,

       Plaintiff,

v.

SAKTHI AUTOMOTIVE
GROUP USA, INC., et al.,

       Defendants.
                               /

Case No. 2:19-cv-10890

HONORABLE STEPHEN J. MURPHY, III

**ORDER GRANTING EX PARTE MOTION TO EXPEDITE
HEARING [101], REQUIRING A RESPONSE, AND SETTING DATES**

On June 20, 2019, the Court appointed Kevin English as the Receiver. ECF 79 ("Receivership Order"). On August 5, 2019, the Receiver filed an emergency motion to compel the release of certain Receivership Property and to enforce the Receivership Order. ECF 100. The Receiver also filed an ex parte motion to expedite hearing on the emergency motion. ECF 101.

The Receiver advises that Sakthi Auto Component Limited ("Sakthi India") is an affiliate of the Sakthi Defendants. ECF 100, PgID 3633. The Receiver explains that "Sakthi India has refused to release approximately 18,000 caliper brackets (the 'Parts')" to Sakthi Automotive Group USA ("SAGUSA"). *Id.* at 3634. SAGUSA contracted with Sakthi India for the Parts; when it receives the Parts, SAGUSA ships them to an assembly facility operated by Dana Corporation ("Dana"); the Parts are then installed into vehicle components that are shipped to General Motors ("GM"). *Id.* When the Receiver filed the motion, the Parts were being held at CSX Rail Yard

1

Detroit and Norfolk Southern Rail Yard (collectively the "Rail Yards"). *Id.* at 3635. According to the Receiver, Sakthi India directed the Rail Yards not to release the Parts to SAGUSA. *Id.* at 3635. GM has offered "to fund the Receivership Estate for the purchase price of the Parts." *Id.* The Receiver argues that Sakthi India's actions inhibit his ability to complete his duties, as set forth in the Receivership Order. *Id.* at 3638. To adequately resolve the Receiver's motion, the Court will order the Rail Yards and Sakthi India to respond to the motion.

The Receiver further represents that the Parts are essential to GM's production of the GMC Canyon and Colorado and that GM, as Sakthi Defendants' "largest customer," "is critical to the Receiver's restructuring and sale efforts." *Id.* at 3635–36. The Receiver also advises that Dana will run out of the Parts and be unable to supply GM as soon as August 14, 2019. *Id.* 3635. That break in the supply chain will interrupt production of the GMC Canyon and Colorado by the next day. *Id.*; *see also* ECF 101, PgID 3670.

For good cause, a party may apply to the Court to expedite the hearing. *See* Fed. R. Civ. P. 6(c)(1)(C). Good cause exists for the Receiver's motion, and the Court will grant the motion to expedite the hearing.

The Receiver also asks for a temporary restraining order ("TRO"). ECF 101, PgID 3670–74. A TRO is appropriate if the party seeking relief establishes: (1) likelihood of success on the merits; (2) likelihood that it will suffer irreparable harm in the absence of relief; (3) the equities balance in its favor; and (4) the relief serves the public interest. *Winter v. Nat. Res. Def. Council*, 555 U.S. 7, 20 (2008).

The Receiver has demonstrated entitlement to a TRO, and the Court will grant the request. First, the Receiver showed a likelihood of success on the merits. The Receiver presented a purchase order and invoices for the Parts. *See* ECF 100-2, 100-3. Considering the Receiver's willingness to pay for the Parts, it appears that Sakthi India—through the Rail Yards—lacks a legal basis to retain the Parts. Moreover, Sakthi India's actions—as alleged—likely violate the Receivership Order.

Second, the Receiver demonstrated that SAGUSA will suffer irreparable harm in the absence of a TRO. SAGUSA will be unable to supply the Parts to Dana, which will impact Dana's delivery of products to GM, which will hinder the Receiver's attempts to fulfill his obligations under the Receivership Order.

Third, the balance of equities weighs in favor of the Receiver's request for a TRO. It does not appear that Sakthi India will be harmed by complying with its contractual obligations to provide SAGUSA with the parts. Moreover, the TRO will remain in effect only until the Court's next order, which will be issued (at the latest) by early next week. But, as described above, SAGUSA will be harmed if the supply chain is interrupted.

Fourth, a TRO serves the public interest. The public maintains an interest in the enforcement of valid contracts. Given the information presently before the Court, there appears to be no contractual reason for Sakthi India or the Rail Yards to withhold the Parts from SAGUSA. Each factor thus favors entry of a temporary restraining order.

## ORDER

**WHEREFORE**, it is hereby **ORDERED** that CSX Rail Yard Detroit, Norfolk Southern Rail Yard, and Sakthi India must **FILE** responses to the Receiver's emergency motion to compel release of the Parts no later than **Thursday, August 8, 2019 at 10:00 a.m.** The responses must specifically identify the portions of the Receiver's proposed order, *see* ECF 100-1, to which the parties object. The objections must be individually numbered and must provide concise explanations for the objection. The parties must also support their objections with relevant documentation.

**IT IS FURTHER ORDERED** that the Receiver's ex parte motion to expedite hearing [101] is **GRANTED**.

**IT IS FURTHER ORDERED** that the CSX Rail Yard Detroit and Norfolk Southern Rail Yard are **TEMPORARILY RESTRAINED** from moving, disposing, transferring, or otherwise altering the Parts pending further order of the Court. The temporary restraining order will remain in effect until the Court specifically orders otherwise.

**IT IS FURTHER ORDERED** that a hearing on the emergency motion is **SET** for **Monday, August 12, 2019 at 2:00 p.m.** The hearing will be held at the Theodore Levin U.S. Courthouse, 231 W. Lafayette Boulevard, Room 216, Detroit, MI 48226.

**SO ORDERED.**

s/ Stephen J. Murphy, III<br>STEPHEN J. MURPHY, III<br>United States District Judge

Dated: August 6, 2019

5

## **CERTIFICATE OF SERVICE**

I hereby certify that a copy of the foregoing document was served upon the parties and/or counsel of record on August 6, 2019, by electronic and/or ordinary mail.

                                                 s/ David P. Parker
                                                 Case Manager