UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

THE HUNTINGTON
NATIONAL BANK,                              Case No. 2:19-cv-10890

       Plaintiff,                          HONORABLE STEPHEN J. MURPHY, III

v.

SAKTHI AUTOMOTIVE
GROUP USA, INC., et al.,

       Defendants.
_____/

**ORDER DENYING MARCIA BOYD'S MOTION**
**TO ALLOW HER TO LITIGATE HER LAWSUIT TO JUDGMENT [186]**

The present action involves the breach of a loan agreement. *See* ECF 1. On June 20, 2019, the Court appointed a Receiver—Mr. Kevin English of Lark Advisors—to take possession, custody, and control of Defendants' business, collateral, and assets. ECF 79. In its order appointing the Receiver, the Court ordered, among other powers and limitations, that Defendants and their officers, employees, and agents "are hereby *stayed* from taking any action to establish or enforce any claim, right, or interest . . . including but not limited to . . . commencing, prosecuting, *litigating*, or enforcing any suit, except that actions may be filed to toll any applicable statute of limitations." *Id.* at 3501 (emphasis added). For about a year, the case progressed, and the Receiver's diligent work has resulted in the Defendants' dissolution and the auction of their real property, fixtures, and assets. *See* ECF 162, 168, 178, 182.

1

In May 2020, Marcia Boyd, a former employee of Defendant Sakthi Automotive Group, USA, Inc. ("Sakthi"), filed a separate action in the Eastern District of Michigan against Sakthi and alleged employment discrimination. *Boyd v. Sakthi Automotive Group USA, Inc., et al.*, 2:20-cv-11181, ECF 1. In response to her complaint, the Receiver filed a notice of the Receivership Order in the present case and indicated that any proceedings brought against Sakthi must be stayed. 2:20-cv-11181, ECF 4. On June 18, 2020, Ms. Boyd filed a motion in the present action to allow her to litigate her lawsuit to judgment. ECF 186.

An anti-litigation injunction or litigation stay in a receivership order is a valid exercise of the Court's equitable powers and may be used "to help further the goals of the receivership." *SEC v. Byers*, 609 F.3d 87, 92 (2d Cir. 2010); *see also United States v. Acorn Tech. Fund, L.P.*, 429 F.3d 438, 442 (3d Cir. 2005); *SEC v. Stanford Int'l Bank, Ltd.*, 424 F. App'x 338, 341 (5th Cir. 2011) (per curiam); *SEC v. Wencke*, 622 F.2d 1363, 1369 (9th Cir. 1980). The litigation hold in the present action is therefore valid. And Ms. Boyd's lawsuit against Sakthi falls directly within the litigation stay. Although she was permitted under the Receivership Order to file her lawsuit and toll the applicable statute of limitations, she is not permitted to continue to litigate her claims. *See* ECF 79, PgID 3501. The Court will therefore construe her motion as one to lift the litigation stay.

The modification of a litigation stay is subject to a three-factor test:

(1) whether refusing to lift the stay genuinely preserves the status quo or whether the moving party will suffer substantial injury if not permitted to proceed; (2) the time in the course of the receivership at

2

>which the motion for relief from the stay is made; and (3) the merit of the moving party's underlying claim.

*SEC v. Wencke*, 742 F.2d 1230, 1231 (9th Cir. 1984). The burden "is on the movant to prove that the balance of the factors weighs in favor of lifting the stay." *SEC v. Illarramendi*, No. 3:11-78, 2012 WL 234016, at *4 (D. Conn. Jan. 25, 2012) (citation omitted).

Here, the factors weigh against lifting the litigation stay. First, the purpose of a litigation stay is to enable the Receiver to "do the important job of marshaling and untangling a company's assets without being forced into court by every investor or claimant." *Acorn Tech. Fund*, 429 F.3d at 443. "The [R]eceiver's role, and the [Court's] purpose in the appointment, is to safeguard the disputed assets," and requiring the Receiver to defend lawsuits drains receivership assets. *Liberte Capital Grp., LLC v. Capwill*, 462 F.3d 543, 551 (6th Cir. 2006). Bearing in mind those realities, the Court must "give appropriately substantial weight to the [R]eceiver's need to proceed unhindered by litigation, and the very real danger of litigation expenses diminishing the receivership estate." *Acorn Tech. Fund*, 429 F.3d at 443.

Requiring the Receiver to defend Sakthi against Ms. Boyd's lawsuit will only burden the process of dissolving the entities and selling the assets and will deplete the limited assets that the Receivership does possess. Ms. Boyd will face no injury if the litigation stay remains intact. She tolled the applicable statute of limitations with the initial filing of her lawsuit. And she will not be prejudiced by the Court requiring her to wait to fully litigate her claims until after the Receivership Order is dissolved.

The balance of the parties' interests weighs heavily in favor of maintaining the litigation stay and the status quo.

Second, although the Receivership Order has been in effect for a year, the Receiver is still in the process of organizing and understanding the entities and is currently deep into the process of untangling Sakthi's assets and preparing for their sale. An attempted sale of the business and the subsequent failure of that sale evidences that the dissolution and sale of Sakthi and its assets is no easy task; it requires the Receiver's fullest attention and resources. The second factor therefore also weighs heavily against lifting the litigation stay.

Finally, even if Ms. Boyd could show that she has a "colorable" claim against Sakthi, "courts are generally unwilling to delve deeply into the merits where the first two factors weigh heavily in favor of maintaining the litigation stay." *Illarramendi*, 2012 WL 234016, at *6 (citing *SEC v. Byers*, 592 F.Supp.2d 532, 537 (S.D.N.Y. 2008)).

Ms. Boyd's lawsuit clearly falls under the litigation stay in the Receivership Order. The Receiver and the Receivership Estate will be hindered and unnecessarily depleted if Ms. Boyd's lawsuit is permitted to continue. And the continuation of the litigation stay will not prejudice Ms. Boyd. The Court will therefore deny Ms. Boyd's motion. The litigation stay will remain in force, and Ms. Boyd is enjoined from continuing to litigate her claims against Sakthi until the Receivership Order is dissolved.

**WHEREFORE**, it is hereby ordered that Marcia Boyd's motion to allow her to litigate her lawsuit to judgment [186] is **DENIED**.

**IT IS FURTHER ORDERED** that the Court **DECLINES** to lift the litigation stay outlined in the Receivership Order, ECF 79.

**IT IS FURTHER ORDERED** that Marcia Boyd is **ENJOINED** from continuing to litigate her lawsuit against Sakthi, Case No. 2:20-cv-11181, until the Receivership Order is dissolved.

**SO ORDERED.**

                                          s/ Stephen J. Murphy, III
                                          STEPHEN J. MURPHY, III
                                          United States District Judge

Dated: July 16, 2020

I hereby certify that a copy of the foregoing document was served upon the parties and/or counsel of record on July 16, 2020, by electronic and/or ordinary mail.

                                          s/ David P. Parker
                                          Case Manager