UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

THE HUNTINGTON
NATIONAL BANK,

        Plaintiff,

v.

SAKTHI AUTOMOTIVE GROUP
USA, INC, et al.,

        Defendants.

_____/

Case No. 2:19-cv-10890

HONORABLE STEPHEN J. MURPHY, III

**ORDER CANCELLING**
**MOTIONS HEARING AND REFERRING PARTIES TO MEDIATION**

In March 2019, Plaintiff brought suit against Defendants and the Court appointed a Receiver to aid the facilitation of the case. ECF 1, 79. The issues have been complicated, expensive, and spanned more than two years. The Receiver has accumulated a large number of assets, paid almost all of Sakthi's debts, and has been working toward close of the receivership and completion of a final report to the Court. Most recently, however, the Receiver moved to compel the refund of a tax payment from the City of Detroit. ECF 216. Specifically, the Receiver argued that the City levied a tax on Defendants during the pendency of the Receivership and allegedly violated the Court's Order Appointing Receiver, ECF 79. *Id.* at 5511–12. In response, the City argued that the timing of the taxes makes the City's actions non-violative of the Receivership order and that under 28 U.S.C. § 960 the Receiver was properly subject to taxation. ECF 219, PgID 5530–33. The Receiver filed an untimely reply

1

almost two months later. ECF 222, and the Court will determine whether to even consider it. *See* E.D. Mich. L.R. 7.1(e). After having carefully reviewed all the relevant filings in the case, the Court set a hearing for April 28, 2021. ECF 221.

The issues are close. The amount of money is, in the overall analysis of the entire receivership, small and the Court is currently unprepared to issue the final order on the motion. But it is conceivable that the Court may conclude, after argument and further research, that the City of Detroit violated a federal court order. Given that both parties have acted in good faith and appear to have presented arguable legal positions, the Court believes that the ultimate resolution of this limited dispute as to a mere fraction of the receivership estate, would be much better addressed by amicable negotiation and facilitation than by the heavy hammer of the Court's equitable powers. Accordingly, the motions hearing set for April 28, 2021 is cancelled.

And to resolve the Receiver's conflict with the City of Detroit, the issues pertaining to ECF 216 are referred to federal mediator Patrick Seyferth with instructions to resolve the matter at his customary billing rates. The Court finds that the parties' good faith efforts to work, with the assistance of a federal mediator, at resolving the dispute will be much swifter and more cost-effective than what may be potentially more than a year's worth of litigation. Thus, the parties must attend mediation with Mr. Seyferth by May 12, 2021 or settle their dispute on their own before that date.

**WHEREFORE**, it is hereby **ORDERED** that the motions hearing set for April 28, 2021 is **CANCELLED.**

**IT IS FURTHER ORDERED** that Mr. Patrick Seyferth is **APPOINTED** as a mediator to resolve the conflict described in ECF 216.

**IT IS FURTHER ORDERED** that the Court **REFERS** the case to Mr. Patrick Seyferth[1] for mediation and settlement discussions and **ORDERS** the parties to proceed in compliance with Local Rule 16.4. The mediation and settlement discussions shall occur no later than **May 12, 2021**. The parties shall contact Mr. Seyferth and provide him with a copy of this order as soon as practicable and **NOTIFY** the Court of the date of the mediation session once it is scheduled.

**IT IS FURTHER ORDERED** that Mr. Seyferth shall **NOTIFY** the Court within seven days of completion of the mediation, stating only the "date of completion, who participated, whether settlement was reached, and whether further [alternative dispute resolution] proceedings are contemplated." E.D. Mich. L.R. 16.4(e)(6). If a settlement is reached, the parties shall **NOTIFY** the Court immediately upon completion of the mediation and shall **SUBMIT** a proposed order of dismissal within 21 days. *Id.* at 16.4(e)(7). If a settlement is not reached, the parties shall **NOTIFY** the Court within seven days of the completion of the mediation.

**IT IS FURTHER ORDERED** that if the parties are unable to resolve the case with Mr. Seyferth's assistance, they must **SUBMIT** a joint status report, no later

---

[1] Patrick Seyferth is a private attorney and founding member of the firm Bush Seyferth, PLLC. He can be reached at (248) 822-7802 and at Seyferth@bsplaw.com.

3

than seven days after the mediation, informing the Court if they will consent to a bench trial.

**SO ORDERED.**

s/ Stephen J. Murphy, III
STEPHEN J. MURPHY, III
United States District Judge

Dated: April 23, 2021

I hereby certify that a copy of the foregoing document was served upon the parties and/or counsel of record on April 23, 2021, by electronic and/or ordinary mail.

s/ A. Chubb for David Parker
Case Manager